T.C. Summary Opinion 2008-112

UNITED STATES TAX COURT

ALFRED CASTRO ESPINOZA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12391-07S.                    Filed August 28, 2008.

Alfred Castro Espinoza, pro se.

Nina S. Kang, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent denied petitioner's dependency exemption deductions and head of household filing status, determining a $2,475 deficiency in petitioner's 2005 Federal income tax. The issues for decision are whether petitioner is entitled to claim: (1) Dependency exemption deductions for AR and JR;[1] and (2) head of household filing status.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in California.

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2005. He claimed dependency exemption deductions for JR and AR and filed as a head of household. JR and AR are the children of petitioner's then girlfriend;[2] he is not related to the children by blood. In 2005 petitioner was not related to JR and AR by marriage, he had not legally adopted the children, and they were not his eligible foster children.

---

[1]The Court refers to minor children by their initials. See Rule 27(a)(3). The evidence in the record indicates that the children were 9 and 7 years old in 2005.

[2]Petitioner and his former girlfriend are now husband and wife.

## Discussion

### I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue."  See sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies; however, the Court need not decide whether the burden shifted to respondent since the Court's analysis is based on the record before it and not on who bears the burden of proof.

### II.  Dependency Exemption Deductions

Section 151(c) allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152.  Section 152(a) provides that the term "dependent" includes a "qualifying child" or "qualifying relative."  A qualifying child is a child who bears a certain relationship to the taxpayer.  Sec. 152(c)(1)(A).  The relationship exists if the claimed dependent is the taxpayer's: (1) Child or descendant of such child; or (2) brother, sister, stepbrother, stepsister, or a descendant of any such relative. Sec. 152(c)(2).  The term "child" means an individual who is the

taxpayer's son, daughter, stepson, or stepdaughter, an adopted individual, or an "eligible foster child". Sec. 152(f)(1).

Petitioner is not related to JR or AR by blood. In 2005 he was not related to JR or AR by marriage, he was not their adoptive parent, and they were not his eligible foster children. Petitioner has failed to establish that either JR or AR is his qualifying child.

In pertinent part, section 152(d)(1)(D) defines a qualifying relative as an individual who is not a qualifying child of any other taxpayer for the taxable year.

JR and AR are qualifying children of their mother.[3] See sec. 152(c)(1), (2)(A), (3). Thus, JR and AR are not petitioner's qualifying relatives. See sec. 152(d)(1)(D).

On the basis of the foregoing, petitioner is not entitled to a dependency exemption deduction for JR or AR, and respondent's determination is sustained.

III. Head of Household Filing Status

As is relevant here, section 2(b)(1) defines "head of a household" as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of a qualifying child or qualifying relative of the taxpayer. JR and AR are not

---

[3]In 2005 the minor children resided with their mother in Whittier, Cal. Petitioner resided in Bakersfield, Cal., during the week and commuted to Whittier, Cal., on his days off.

petitioner's qualifying children or qualifying relatives.  Thus, petitioner is not entitled to head of household filing status for 2005, and respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.